## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JESSICA MARLENE BARRETT,       )
                               )
            Plaintiff,         )
                               )
v.                             )       Case No. CIV-14-314-JHP-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

### REPORT AND RECOMMENDATION

Plaintiff Jessica Marlene Barrett (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence;  and, second, whether the correct legal

_____

[1]  Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on October 28, 1983 and was 28 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade. Claimant has no past relevant work. Claimant alleges an inability to work beginning June 15, 2008 due to limitations resulting from mental and physical impairments, bi-polar disorder, PTSD, anxiety, and COPD.

## Procedural History

On November 29, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 6, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Larry D. Shepherd in Oklahoma City, Oklahoma. On November 29, 2012, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the decision on May 29, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform a full range of light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical opinion evidence; (2) failing to properly evaluate the opinions of Claimant's mental health counselor; and (3) finding Claimant was not disabled when

considering the effects of her substance abuse.

## Evaluation of the Opinion Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, status post cervical spine fracture, post-traumatic stress disorder ("PTSD"), bipolar disorder, panic disorder with agoraphobia and alcohol dependence. (Tr. 20). The ALJ concluded that Claimant retained the RFC to perform a range of light work except she can only occasionally climb, balance, stoop, bend, kneel, crouch, and crawl. Claimant could also occasionally able to reach overhead, understand, remember, and carry out simple, repetitive and routine tasks, able to respond appropriately to supervisors, co-workers, and usual work conditions but have no contact with the public, and able to perform low-stress work, defined as occasional decision-making and occasional changes in the workplace setting. (Tr. 22). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of small products assembler, price marker, and electronics worker which he found to exist in sufficient numbers in the regional and national economies. (Tr. 28). As a result, the ALJ found Claimant was not disabled since November 29, 2010. (Tr. 29).

Claimant contends the ALJ failed to properly evaluate the

opinion of the consultative psychiatrist, Dr. Shalom Palacio-Hollmon. On July 16, 2011, Dr. Palacio-Hollmon performed a mental status examination of Claimant. He diagnosed Claimant with PTSD, schizophrenia personality disorder, bipolar disorder, panic disorder with agoraphobia, borderline personality disorder, and histrionic disorder. (Tr. 514). Her symptoms started when she was "raped and chopped" with a clever by a distant acquaintance. (Tr. 512). Dr. Palacio-Hollmon concluded Claimant's appearance and behavior were consistent with the reported symptoms as evidenced by her history of trauma, emotional reactivity, interpersonal detachment and impaired recall. Claimant also reported somatic, bizarre and religious delusions with multiple inpatient hospitalizations, chronic suicidality, parasuicidal behaviors and poor impulse control.

Dr. Palacio-Hollmon found Claimant suffered from substantial disorder of thought and mood that grossly impaired her judgment, behaviors and her ability to meet the demands of life. Due to her mental illness, Claimant was found to be "gravely disabled such that she is unable to care for herself such that her health and safety is endangered." Claimant reported repeated episodes of decompensation. Claimant's overall adjustment to stress was poor and she was found to likely decompensate with increased demands.

Dr. Palacio-Hollmon recommended counseling focusing on trauma, mood stability, and anxiety management. The duration and prognosis of her impairment was considered limited due to her personality disorders.

Claimant's ability to deal with the public and to interact with supervisors and co-workers was impaired by her panic attacks, her emotional reactivity, ideas of reference, delusions, and poor judgment and insight. Claimant had the ability to understand, remember, and carry out both simple and complex instructions but was unable to meet the demands of the work environment at that time. (Tr. 515).

The ALJ recognized Dr. Palacio-Hollmon's opinion and recited the limitations found. (Tr. 26). However, he concluded the opinion was entitled to "little weight" because "the severe limitations described are unsupported by the record as a whole." (Tr. 27). No other rationale or explanation for the reduced weight afforded this opinion was provided by the ALJ.

The ALJ is required to evaluate every medical opinion in the record. Salazar v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006). Opinions by consultative physicians must be evaluated according to the factors contained in 20 C.F.R. § 416.927(c). These factors include (1) the length of the treatment relationship

and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. <u>Chapo v. Astrue</u>, 682 F.3d 1285, 1291 (10th Cir. 2012). After evaluating the opinion using these factors, the ALJ must provide a valid explanation for the weight afforded the opinion and provide specific and legitimate reasons if the opinion is rejected. <u>Id</u>. In this case, the ALJ's decision lacks any specificity and legitimacy in the basis provided for effectively rejecting Dr. Palacio-Hollmon's opinion. Moreover, the decision lacks any discussion of the limitation placed upon Claimant's ability to interact with supervisors and co-workers cited by Dr. Palacio-Hollmon.

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and

significantly probable evidence that is rejected. <u>Id</u>. at 1010.
An ALJ "is not entitled to pick and choose through an
uncontradicted medical opinion, taking only the parts that are
favorable to a finding of nondisability." <u>Haga v. Astrue</u>, 482 F.3d
1205, 1208 (10th Cir. 2007). The ALJ should have discussed
Claimant's interactive limitations in his decision given the
supporting evidence in the record. He shall rectify this
deficiency on remand. He shall also give specific bases for
rejecting the opinion, if he continues to do so on remand.

Claimant also contends the ALJ failed to include limitations
imposed by Drs. Burnard Pearce and Deborah Hartley in interacting
with supervisors and co-workers despite affording the opinions
provided by these consultants "great weight." (Tr. 27). He
effectively rejected this portion of these opinions without
providing an explanation with specificity for doing so. On remand,
the ALJ shall again consider this limitation in his RFC assessment.

### Evaluation of Mental Health Counselor's Opinion

On August 31, 2012, Claimant's drug and alcohol counselor,
Wadonna Wells completed a medical source statement on Claimant.
She found Claimant to have marked limitations in the areas of
understanting, remembering, and carrying out detailed instructions;
maintaining extended periods of attention and concentration;

performing activities within a schedule and maintaining regular attendance with customary punctuality; working in coordination with or in proximity to others without being distracted by them; completing a normal workday and work week without interruption from psychologically based symptoms and performing at a consistent pace without an unusual number and length of rest periods; accepting instruction from and responding appropriately to criticism from supervisors; getting along with co-workers or peers without distracting them or exhibiting behavioral extremes; and setting realistic goals or making independent plans. (Tr. 789-93). She found Claimant was moderately limited in an additional seven areas. (Tr. 789-92).

The ALJ did not give this opinion any weight because Ms. Wells was not an acceptable medical source and her opinions were not supported by other evidence in the record. (Tr. 27). The ALJ is required to evaluate the opinion of a non-acceptable medical source using the same factors recited herein above. The ALJ failed to satisfy his obligation to evaluate the opinion by providing specific and legitimate bases for doing so. On remand, the ALJ shall provide the necessary analysis of Ms. Wells' opinion.

### Consideration of Substance Abuse

The ALJ determined that Claimant was not disabled even when

10

considering the effects of his substance abuse but never stated whether Claimant's substance abuse was material. (Tr. 20-29). The Social Security Act provides that an individual would not be considered disabled if alcoholism or drug addiction were a "contributing factor material to the Commissioner's determination that the individual is disabled." Salazar v. Barnhart, 468 F.3d 615, 622-23 (10th Cir. 2006). To that end, the Commissioner must determine whether the individual would still be disabled if he or she stopped using drugs or alcohol. Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001). Careful consideration is to be given to periods of abstinence. Salazar, *supra* at 623. If a claimant's mental impairments cannot be separated from the effects of substance abuse, then the claimant's drug and alcohol addiction is not a contributing factor material to the disability determination. Id. at 624. Because the materiality determination was not made by the ALJ, he shall make specific findings concerning whether Claimant's substance abuse was material to his disability determination.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE